IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JONATHAN TERRY                                                        PETITIONER

                    v.                     Civil No. 5:23-cv-05157

DISTRICT COURT OF BENTON COUNTY,
ARKANSAS, WEST GENTRY DIVISION                                        RESPONDENT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by Jonathan Terry ("Terry"), a person in federal custody at Coleman FCC.[1]  (ECF No.1).  The Respondent has appeared and withdrawn the state court warrant (WR-20-285) (ECF Nos. 14, 17) about which Terry complained in his Petition for Writ of Habeas Corpus, and for that reason, the undersigned recommends that Terry's Petition (ECF No. 1) be dismissed as **MOOT**.[2]

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are**

---

[1] *United States v. Jonathan Joseph Terry*, 5:20CR50021-001, Western District of Arkansas, Fayetteville Division.

[2] Had the warrant not been withdrawn, it would have been recommended that the District Court abstain pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), where "the Supreme Court held that, consistent with our nation's commitment to the principles of comity and federalism, a federal court should abstain from exercising jurisdiction in cases where there is a parallel, pending state criminal proceeding, so long as certain conditions are met."   *Minnesota Living Assistance, Inc. v. Peterson,* 899 F.3d 548, 551 (8th Cir. 2018). The Court should abstain from hearing a case when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey,* 409 F.3d 901, 903 (8th Cir. 2005) (*citing Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)).

**reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      **RECOMMENDED** this 5th day of September 2024.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE